# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

LUIS CARMONA-CANO,

    Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

    Defendant.

## DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S NOTICE OF REMOVAL

Defendant, Travelers Property Casualty Company of America ("Travelers"), by and through its attorney of record, Wm. Tobias Morrow of Montgomery Amatuzio Chase Bell Jones, LLP, respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As grounds, Defendant states as follows:

1. On June 7, 2018, Plaintiff Luis Carmona-Cano filed his Complaint (the "Complaint") against Travelers in the District Court for Adams County, State of Colorado. *See* **Ex. A**, Complaint. The Complaint asserts, *inter alia*, that Mr. Carmona-Cano was an intended third party beneficiary and insured under Travelers' insurance contract with Mr. Carmona-Cano's employer, Alpha Milling, Inc. The Complaint alleges Travelers breached its insurance contract to compensate Mr. Carmona-Cano for damages caused by an Uninsured Motorist ("UM"). *Id*. at ¶¶ 5 – 18.

2. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over civil actions between citizens of different states, provided the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) ("Dart") (quoting 28 U.S.C. § 1446(a)).

3. The diversity requirement of § 1332(a) is satisfied here as the parties are completely diverse. Plaintiff alleges that he is "an individual and resident of Adams County, State of Colorado." *See* **Ex. A** at ¶ 1. Defendant Travelers' state of incorporation is Connecticut, and its principal place of business is in Connecticut. *See*, **Exhibit B**, Travelers' Colorado Secretary of State Corporate Summary.

4. This matter arises out of a motor vehicle incident that occurred on June 17, 2015. *See* **Ex. A** at ¶ 5. Plaintiff alleges that while operating a skid steer for his employer, Alpha Milling, Inc., on Interstate 25 S, he was struck by a 1996 Dodge Caravan driven at a high rate of speed by uninsured motorist Yesenia Castaneda. *Id.* at ¶ 5-8. Plaintiff alleges that as a result of the accident he suffered damages for which he should compensated by Travelers, including damages for pain and suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency, and/or impairment. *See Id.* at ¶ 18. Further, in a demand letter dated October 2, 2017, Plaintiff claimed to have incurred $161,507.97 in medical expenses as a result of the accident. *See* **Ex. C, Plaintiff Demand Letter.** Plaintiff has been paid $110,734.90 to date for his medical expenses, but at least $54,938.64 of Plaintiff's medical bills remain disputed. The disputed medical bills in conjunction with Plaintiff's claims for past and future lost earnings,

permanent impairment, and pain and suffering are sufficient to show that the amount in controversy exceeds $75,000.

5. Aside from the allegations contained in the Complaint, the Tenth Circuit Court of Appeals ruled that the Civil Cover Sheet filed in Colorado state court satisfies the jurisdictional amount in controversy as "other paper." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).") (*citing Henderson v. Target Stores, Inc.,* 431 F.Supp.2d 1143, 1144 (D. Colo. 2006)). Here, the Civil Cover Sheet filed in state court asserts that a monetary judgment in excess of $100,000 is sought by Plaintiff against Travelers, exclusive of interest and costs. **Exhibit D**, **Civil Cover Sheet, p. 2**. Therefore, the jurisdictional amount in controversy has been met.

6. The timing for removal is controlled by § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Travelers was served on June 8, 2018. *See* **Ex. E**, **Affidavit of Service**. Thus, this Notice of Removal is timely, as Travelers has filed the same within thirty days after service of the initial pleading.

7. Pursuant to 28 U.S.C. § 1446(d), Travelers will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the appropriate state court.

8.	As required by D.C.Colo.LCivR 81.1 and § 1446(a), all papers, including a current docket sheet, filed in this matter in the District Court for Adams County, State of Colorado, are attached to this Notice of Removal as specifically referenced exhibits or otherwise labeled as **Exhibit F**. There are no pending motions, petitions, or related responses filed in the state court Action.

9.	Pursuant to D.C.Colo.LCivR 81.1, Travelers represents that no motion hearings are currently set in the state court action, and no trial date has been set.

10.	By filing this Notice of Removal, Travelers does not waive any defenses that may be available to it.

Respectfully submitted July 5, 2018,

        MONTGOMERY AMATUZIO CHASE BELL JONES, LLP

        By:    *s/Wm. Tobias Morrow*
                Wm. Tobias Morrow
                4100 East Mississippi Avenue, 16th Floor
                Denver, CO  80246
                Phone:  303-592-6600
                Fax:  303-592-6666
                mjones@mac-legal.com
                tmorrow@mac-legal.com

                ATTORNEYS FOR DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

## CERTIFICATE OF MAILING

I hereby certify that on July 5, 2018, a true and correct copy of the foregoing **DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S NOTICE OF REMOVAL** and all referenced exhibits, were served in the manner indicated below and addressed as follows:

*Counsel for Plaintiff:*
Peter J. McCaffrey, Esq., #46740
Franklin D. Azar & Associates, PC
14426 E. Evans Avenue
Aurora, CO  80014
McCaffreyP@FDAzar.com

☐ U.S. Mail   ☒ E-mail   ☐ ECF

*s/ Karen Wood*
[Signature on File:  Karen Wood]